IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                        |
|------------------------------|---|------------------------|
| CLEMENTINE NEWMAN,           | ) |                        |
|                              | ) |                        |
|    Plaintiff, | ) |                        |
|                              | ) |                        |
| vs.                          | ) | Civil No. 07-2597-D/P  |
|                              | ) |                        |
| MEMPHIS LIGHT GAS & WATER,   | ) |                        |
|                              | ) |                        |
|    Defendant. | ) |                        |

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS REQUESTED IN MLGW'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Before the court by order of reference is defendant Memphis, Light, Gas, & Water's ("MLGW") Motion to Compel Plaintiff to Produce Documents Requested in MLGW's Second Set of Requests for Production of Documents. Plaintiff Clementine Newman opposes the motion on three grounds. First, she states in a letter dated December 11, 2008, addressed to counsel for MLGW, that she will not respond to the defendant's request for documents because defense counsel has not "consented to participate in developing a Discovery Plan." As the court explained in its December 17, 2008 order granting defendant's motion to compel, the parties have already appeared before the court for a scheduling conference, the court

has entered a scheduling order pursuant to that conference, and the parties have been ordered to engage in discovery.

Second, Newman argues that she is unable to respond to the document request by the defendant's proposed December 29, 2008 deadline because "[t]here are documents which are in the possession of the Defendant, various doctors, and other persons that the Plaintiff will need to request in order to respond." Newman's inability to obtain documents is not a basis to resist producing documents that are currently in her possession or control. If she later comes into possession of additional documents that are responsive to MLGW's document requests, she must supplement her prior document production and provide those documents to MLG&W as required by the Federal Rules. In the meantime, Newman must provide MLGW with the responsive documents that she has in her possession.

Third, Newman asserts that the documents sought are not relevant under Rule 26. The scope of discovery is extremely broad under the Federal Rules of Civil Procedure and is within the discretion of the trial court. Lewis v. ACB Business Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998); Smith & Nephew, Inc. v. Fed. Ins. Co., No. 02-2455, 2005 U.S. Dist. LEXIS 31309, at *4-5 (W.D. Tenn. Nov. 14, 2005). Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P.

26(b)(1). The rule provides further that the scope of discovery includes more than evidence that will be admissible at trial. Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also United Oil Co. v. Parts Associates, Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes."). If the discovery request seeks relevant information, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. United Oil, 227 F.R.D. at 411; MJS Janitorial v. Kimco Corp., No. 03-2102MaV, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004). The court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(i), (iii).

The court finds that document requests 2 and 3 seek relevant information, as those requests seek plaintiff's medical records in this FMLA case as well as documents that plaintiff will use to support her claims. Therefore, the motion is GRANTED with respect to these two requests. However, MLGW has not explained or demonstrated in its motion the relevance of Newman's tax return information for 2005 through 2008, and thus, the motion is DENIED

without prejudice with respect to requests 4 and 5.  MLGW may renew its motion to compel by providing additional support for its request for Newman's tax return information.

For the reasons stated above, Newman is hereby ordered to provide documents responsive to requests 2 and 3 of MLGW's Second Set of Requests for Production of Documents, within eleven (11) days from the entry of this order.  Newman is again warned that failure to comply with the court's orders or to cooperate in discovery may result in a recommendation to the District Judge that her case be dismissed with prejudice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 6, 2009
Date