IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                      | )                          |
| CLEMENTINE NEWMAN,                   | )                          |
|                                      | )                          |
|     Plaintiff,                       | )                          |
|                                      | )                          |
| vs.                                  | ) Civil No. 07-2597-D/P    |
|                                      | )                          |
| MEMPHIS LIGHT, GAS, AND WATER,       | )                          |
|                                      | )                          |
|     Defendant.                       | )                          |
|                                      | )                          |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
_____

Before the court is plaintiff Clementine Newman's *pro se* Motion by Plaintiff for Reconsideration of Order Granting Defendant's Motion to Compel, Denying Plaintiff's Motion to Compel, and Granting Defendant's Motion for Order Confirming that Discovery May Proceed, filed December 23, 2008. (D.E. 37). In her motion, Newman states that she did not receive notice of the December 16 hearing on these motions. She also contends that the court, in its December 17 order granting defendant's motion to compel, should not have warned her that failure to comply with the court's orders, the scheduling order, or to cooperate in discovery shall result in a recommendation to the District Judge that her complaint be dismissed with prejudice.

The court may alter or amend an interlocutory order at any time before the filing of the final judgment. Raytheon

Constructors, Inc. v. Asarco, Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Courts have characterized a motion to reconsider an interlocutory order as falling under the inherent authority of the district court, the common law and/or under Federal Rule of Civil Procedure 54(b). Orange v. Burge, 451 F. Supp. 2d 957, 960-61 (N.D. Ill. 2006).

Although the court accepts Newman's explanation that she did not receive prior notice of the December 16 hearing, Newman has not provided any basis for the court to reconsider, amend, or vacate the December 17 discovery order. The order required Newman to appear for her deposition and to participate in discovery, which she is clearly required to do under the Federal Rules. The order denied her motion to compel defendant to participate in a discovery planning conference, noting that a scheduling order has already been entered by the court and that the court, at the Rule 16(b) scheduling conference, specifically stated to Newman that there would not be any further need for a discovery planning conference between the parties under Rule 26(f). While the court did warn Newman about the consequences of violating the court's orders and failing to participate in discovery, the court nevertheless denied defendant's motion for sanctions.

For these reasons, Newman's motion for reconsideration is DENIED.

IT IS SO ORDERED.

              s/ Tu M. Pham
              TU M. PHAM
              United States Magistrate Judge

              January 15, 2009
              Date